# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARTHA GOODING,**

        **Plaintiff,**

**v.**                                     **Case No:  6:18-cv-348-Orl-37LRH**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

Martha Gooding (Claimant) appeals the Commissioner of Social Security's (Commissioner) final decision denying her application for disability benefits.  Doc. 1.  The Claimant raises several arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for an award of benefits or, in the alternative, for further proceedings.  (Doc. 23 at 14-21, 29-33).  The Commissioner argues that the Administrative Law Judge (ALJ) committed no legal error and that his decision is supported by substantial evidence and should be affirmed.  (*Id*. at 21-29, 32-33).  The undersigned **RECOMMENDS** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.   Procedural History

This case stems from the Claimant's March 18, 2011 application for disability insurance benefits (DIB). (R. 184).  Claimant alleged a disability onset date of December 10, 2009.  (R. 417).

The Claimant's application was denied on initial review and on reconsideration.  Thus, the case proceeded before an ALJ.  On June 5, 2013, the ALJ entered a decision finding that the

Claimant was not disabled through the date of the ALJ's decision.   (R. 27-38).   The ALJ's decision ultimately became the Commissioner's final decision.   (*See* R. 7-9).

On April 1, 2015, the Claimant appealed the Commissioner's final decision to this Court. On appeal, the Claimant argued that the ALJ erred by: 1) failing to state the weight given to Drs. Robert Masson's and Todd McCall's opinions; 2) assigning great weight to only a portion of Dr. Donna Lester's opinions; 3) assigning little weight to Dr. Zia Fatemi's opinions; 4) providing an incomplete hypothetical to the vocational expert (VE); and 5) finding the Claimant's reports of limitations not entirely credible.   (R. 494).

On August 17, 2016, the Court entered an order finding that the ALJ erred by not stating the weight assigned to Dr. Masson's opinions and not explaining why the ALJ discredited some of Dr. Lester's opinions.   (R. 495-96).   The Court found these errors to be dispositive and did not rule on the remaining assignments of error.   (*See* R. 496-97).   In light of these findings, the Court reversed and remanded the case to the Commissioner for further proceedings.   (R. 497); *see also Gooding v. Commisioner of Social Security*, Case No. 6:15-cv-536-KRS, Docs. 23-24 (M.D. Fla. Aug. 17, 2016).

On remand, the ALJ held a supplemental hearing, at which the Claimant and her counsel appeared.   (R. 441-50).   In addition to hearing testimony from the Claimant, the Court also heard testimony from a non-examining physician, Dr. Arthur Lorber, who reviewed the medical evidence of record.   (*Id*.).

On November 8, 2017, the ALJ entered a decision finding that the Claimant was disabled between her alleged onset date, December 10, 2009, and January 13, 2011.   (R. 421-24). However, the ALJ found that the Claimant's condition subsequently improved and, as a result, the Claimant was not disabled between January 14, 2011 and her date last insured, December 31, 2015.

(R. 424-31).   The ALJ's decision, subsequently, became the Commissioner's final decision.

On March 8, 2018, the Claimant filed this appeal, challenging the Commissioner's decision that the Claimant was no longer disabled beginning January 14, 2011 through her date last insured, December 31, 2015.   (Doc. 1).

## II.     The Eight-Step Sequential Evaluation Process[1]

The Social Security regulations provide an eight-step sequential evaluation process for determining whether a claimant's disability has ceased, which the Eleventh Circuit summarized as follows:

> In conducting the eight-step evaluation process, the ALJ considers first whether the claimant is engaging in substantial gainful activity.   20 C.F.R. § 404.1594(f)(1). The ALJ next considers whether the claimant has an impairment or combination of impairments that meets or equals the criteria for one of the listed impairments.   *Id.* § 404.1594(f)(2).   At step three, the ALJ considers whether there has been a medical improvement.   *Id.* § 404.1594(f)(3).   Then at step four, the ALJ considers whether the improvement is related to the claimant's ability to work.   *Id.* § 404.1594(f)(4). At step five, the ALJ considers whether any exceptions to medical improvement apply.   *Id.* § 404.1594(f)(5).   At step six, the ALJ analyzes whether the claimant's current impairments in combination are severe.   *Id.* § 404.1594(f)(6).   If the ALJ determines that the claimant's impairments are severe, then step seven requires that the judge evaluate the claimant's residual functional capacity to engage in substantial gainful activity by first considering whether she has the ability to perform past relevant work.   *Id.* § 404.1594(f)(7).   If the claimant cannot do her past relevant work, step eight calls for the ALJ to consider whether, given her residual functional capacity, the claimant is able to do other work in the national economy.   *Id.* § 404.1594(f)(8).

*Martz v. Comm'r, Soc. Sec. Admin.*, 649 F. App'x 948, 954 n.4 (11th Cir. 2016) (citing 20 C.F.R. §

---

[1] The parties suggest that the standard five-step sequential evaluation process applies.   (*See* Doc. 23 at 22).   This case, however, involves a finding of disability followed by a finding of medical improvement resulting in a determination that the Claimant's disability ceased. (R. 417-31).   In such a situation, the ALJ must, as he did in this case, engage in an eight-step sequential evaluation process.   (*Id.*); 20 C.F.R. § 404.1594.   The undersigned will engage in the same analysis.   Ultimately, however, the outcome of the appeal will be the same regardless of the evaluation process applied.

404.1594(f)).[2]

## III.    The ALJ's Decision

First, the ALJ found that the Claimant's last date insured was December 31, 2015[3] and she had not engaged in substantial gainful activity since her alleged onset date, December 10, 2009. (R. 421).

Next, the ALJ found that the Claimant suffered from the following severe impairments between December 10, 2009 and January 13, 2011: marked scoliosis of thoracic spine; disorders of the spine including disc herniations of the spinal cord; non-union status post fusion with revision fusion of the lumbar spine; status post healed fractures throughout her upper and lower extremities from motor vehicle accident; and obesity. (R. 421).[4]  The ALJ found that the Claimant's spine disorder met Listing 1.04, 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04, between December 10, 2009 and January 13, 2011. (R. 422-24). As a result, the ALJ concluded that the Claimant was disabled between December 10, 2009 and January 13, 2011. (R. 424).

Next, the ALJ found that the Claimant experienced medical improvement as of January 14, 2011 and that the improvement related to her ability to work because the Claimant's impairments, individually and in combination, no longer met or medically equaled any listed impairment. (*Id*.).

In light of the Claimant's medical improvement, the ALJ proceeded to consider the Claimant's residual functional capacity (RFC) as of January 14, 2011. (*Id*.) In doing so, the ALJ

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

[3] The date last insured is significant because a claimant seeking DIB is eligible for such benefits where she demonstrates disability on or before her date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

[4] The ALJ also found that the Claimant suffered from depressive disorder, which the ALJ found to be a non-severe impairment. (R. 421-22).

found that, as of January 14, 2011, the Claimant had the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b),[5] with the following additional limitations:

> [N]o unprotected heights; no ropes; ladders or scaffolds; limited to occasional stairs, ramps and no crawling; needs a sit/stand option at will; able to frequently stoop, kneel and operate foot controls bilaterally; limited to occasional overhead work; no dangerous machinery and no vibrations.

(*Id.*). The ALJ then found that the Claimant could not perform her past relevant work. (R. 429). However, the ALJ further determined that the Claimant could perform other work in the national economy, including route clerk, marker II, and ticket seller. (R. 430). Thus, the ALJ concluded that the Claimant was not disabled between January 14, 2011 and her date last insured, December 31, 2015. (R. 431).

## III.     Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560

---

[5] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

(11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   Analysis

The Claimant raises the following assignments of error: 1) the ALJ failed to state the weight assigned to Dr. Fatemi's November 2012 opinion; 2) the ALJ failed to include or account for all of Dr. Lester's opinions in the RFC determination; 3) the ALJ failed to explain why he assigned little weight to Dr. Lorber's opinions concerning the Claimant's ability to lift and carry objects; and 4) the ALJ erred by providing an incomplete hypothetical to the VE.  (Doc. 23 at 14-21, 29-32).  The undersigned will address each assignment of error in turn.

### A.  The Medical Opinions

The Claimant argues that the ALJ erred in weighing Drs. Fatemi's, Lester's, and Lorber's opinions as part of the ALJ's assessment of the Claimant's RFC.  (Doc. 23 at 14-21).  The Commissioner argues that the ALJ properly considered and weighed the opinions at issue and, to the extent the ALJ failed to do so, contends that any resulting error is harmless and does not require reversal.  (*Id*. at 21-29).

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).  The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis*, 125 F.3d at 1440.  In determining a claimant's RFC, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources.  *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of*

*Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.   20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary.   20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179.   There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records.   *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion.   *Id*.   The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence.   *Id*.

### 1. Dr. Fatemi

The Claimant argues that the ALJ failed to state the weight he assigned to Dr. Fatemi's November 2012 opinion.   (Doc. 23 at 18-19).   The Commissioner concedes that the ALJ did not expressly mention (and, thus, weigh) Dr. Fatemi's November 2012 opinion but nevertheless argues that any error is harmless because the ALJ ultimately found that many of the limitations contained in that opinion, which were contained in other opinions that the ALJ did consider, were not

supported by Dr. Fatemi's own treatment notes and other medical evidence of record.   (*Id.* at 28).

Dr. Fatemi was the Claimant's treating physician throughout the relevant period, and therefore, absent good cause, the ALJ was required to afford her opinions substantial or considerable weight.   (R. 272-76, 362-67, 810-819).   In December 2011, Dr. Fatemi completed a questionnaire, which asked her several questions concerning the Claimant's functional limitations.   (R. 394).   In response to the questionnaire, Dr. Fatemi opined that the Claimant was not capable of frequently fingering/handling, occasionally lifting up to 10 pounds, or sitting, standing and walking.   (*Id.*).   In addition, Dr. Fatemi opined that the Claimant would be capable of sitting, standing, and walking for up to three hours in an eight-hour day if she had the ability to change positions as needed for comfort. (*Id.*).

In November 2012, Dr. Fatemi completed a "functional capabilities" assessment.   (R. 393). Specifically, Dr. Fatemi opined that the Claimant could only sit, stand, and walk for less than one hour at a time and she could only sit, stand, and walk for less than one hour in a day.   (*Id.*).   Dr. Fatemi also opined that the Claimant could never lift or carry more than twenty-one pounds, could occasionally lift or carry up to twenty pounds, could frequently bend at the waist, could never kneel or crouch, could frequently reach above her shoulder and at waist level, could occasionally reach below waist level, and could frequently finger and handle objects.   (*Id.*).

The ALJ discussed Dr. Fatemi's December 2011 opinion and assigned it little weight because it was "not supported by [Dr. Fatemi's] own treatment notes that show relatively unremarkable findings and appear to show very conservative care and also care that has not been on a rather continuous basis."   (R. 426, 428 (citing R. 394)).   The ALJ, however, did not discuss or weigh Dr. Fatemi's November 2012 opinion.

The ALJ erred by not weighing Dr. Fatemi's November 2012 opinion.   *Winschel*, 631 F.3d

at 1179.  The Commissioner recognizes this error and attempts to argue that the error is harmless both because the ALJ ultimately found that many of the limitations contained in the November 2012 opinion were also listed in other opinions that the ALJ did in fact take into consideration, and also because Dr. Fatemi's own treatment notes and other medical evidence of record did not support the limitations set forth in her November 2012 opinion.  (Doc. 23 at 28).  However, the ALJ did not offer this explanation in his decision, and the undersigned cannot recommend that the Court find the ALJ's error harmless based on the Commissioner's *post hoc* rationalization.  *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).  To do so would necessarily require the Court to reweigh the evidence, which is prohibited.  *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court " 'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (citation omitted).  The Court further notes that the November 2012 opinion is, in some ways, more restrictive than the ALJ's RFC determination.[6]  Therefore, the undersigned recommends that the Court accept the Claimant's argument that the ALJ erred by not weighing Dr. Fatemi's November 2012 opinion.[7]

---

[6] Specifically, Dr. Fatemi's opinions concerning the Claimant's ability to sit, stand, walk, kneel, crouch, and reach below the waist are more restrictive than then limitations contained in the ALJ's RFC determination.  (*Compare* R. 393 *with* R. 424).

[7] This error is dispositive and, thus, the Court need not address the Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. Appx 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors). Nevertheless, in the interest of completeness, the undersigned will address the Claimant's remaining arguments.

## 2.  Dr. Lester

The Claimant argues that the ALJ erred by not including or accounting for all of Dr. Lester's opinions in the RFC determination despite having assigned Dr. Lester's "opinion rather great weight to the extent that the claimant is able to perform light exertional work."  (Doc. 23 at 16-17).   The Commissioner argues that the ALJ's reasons for assigning Dr. Lester's opinion "rather great weight" are supported by substantial evidence and the limitations included in the RFC determination adequately account for Dr. Lester's opinion concerning Claimant's functional limitations.  (*Id.* at 26-27).

In July 2011, Dr. Lester conducted a physical examination of the Claimant.  (R. 331-334). Based on her examination, Dr. Lester opined that the Claimant could not do any activities involving bending, stooping, crawling, or climbing, she could sit for up to one-hour at a time as long as she is able to get up and stretch, and she would have difficulty driving.   (R. 334).

In January 2013, Dr. Lester conducted a second physical examination of the Claimant and, based on that examination, completed a "Medical Source Statement of Ability to Do Work-Related Activities (Physical)."  (R. 351-61).   Dr. Lester opined that the Claimant can never lift or carry more than twenty-one pounds, she could lift up to twenty pounds without limitation, she could frequently carry up to twenty pounds, and she could carry up to ten pounds without limitation.   (R. 356).   Dr. Lester also opined that the Claimant can sit for one hour at a time, she can sit for a total of four hours in an eight-hour workday, she can stand and walk for 30 minutes at a time, and she can stand and walk for a total of two hours in an eight-hour workday.  (R. 357).   Further, Dr. Lester opined that the Claimant can never climb stairs, ramps, ladders, or scaffolds, she can never stoop, kneel, crouch, crawl, or work at unprotected heights, but she can occasionally balance.  (R. 359-60).

The ALJ discussed both of Dr. Lester's opinions throughout his decision, (R. 425-27), however when it came time to discuss the weight to be afforded the opinions, the ALJ writes in the singular and without identifying the date of the opinion:

> As to remand issue #2, with regard to **the opinion** of the consultative examiner, **the medical opinion** of Dr. Lester, who specializes in internal medicine, the [ALJ] gives **this opinion** rather great weight to the extent that the claimant is able to perform light exertional work. The [ALJ] notes that in light of the rather sparse and conservative medical treatment with Sunstate Medical Associates in light of normal physical exam findings including the lower extremities (see Exhibit 19F).

(R. 429) (emphasis added).

It therefore appears that the ALJ failed to consider one of Dr. Lester's opinions, which, as discussed above, is reversible error. *Winschel*, 631 F.3d at 1179. And because it is unclear which of Dr. Lester's opinions the ALJ did consider, the undersigned is unable to meaningfully assess the Claimant's argument that the ALJ erred by not including or accounting for all of Dr. Lester's opinions in the RFC determination. For this additional reason, the case must be remanded to the ALJ so that he can weigh both of Dr. Lester's opinions and explain the reasons behind the weight assigned to each opinion. The undersigned therefore recommends that the Court find that the ALJ erred by not weighing one of Dr. Lester's opinions.[8]

### 3. Dr. Lorber

The Claimant next argues that the ALJ failed to explain why he assigned little weight to Dr. Lorber's opinion concerning the Claimant's ability to lift objects. (Doc. 23 at 19-21). The Commissioner argues that the ALJ explained why he assigned little weight to Dr. Lorber's opinions concerning the Claimant's ability to lift objects and the ALJ's reasons both support his determination and are supported by substantial evidence. (*Id.* at 28-29).

---

[8] The undersigned notes that the Claimant did not expressly raise this issue in its joint memorandum. However, the undersigned cannot overlook this deficiency in the ALJ's decision.

Dr. Lorber reviewed the Claimant's medical records and testified as follows with respect to the Claimant's physical limitations:

> She would be reduced to no lifting over ten pounds. That would be occasionally. And less than ten pounds frequently. Her standing and walking would be a total of four hours per day, not more than one hour at a time. And her sitting could be done six hours a day, not more than one hour at a time. She can only occasionally lift overhead. Let's see. Reaching in other directions is not restricted and there is no restriction on handling and fine fingering. She will need to avoid exposure to concentrated vibration. She should not work at unprotected heights. She should not work around dangerous moving machinery. She may frequently stoop and crouch and kneel, but she cannot crawl. I do not believe that - - she may frequently ascend and descend stairs and/or ramps. She may frequently operate foot pedals with either foot. She does not require any other exertional and environmental positional or manipulative restriction.

(R. 442-43).

The ALJ assigned great weight to all of Dr. Lorber's opinions with the exception of his opinion concerning the Claimant's ability to lift and carry, which he gave little weight. (R. 428). In support of this decision, the ALJ stated that the Claimant's "rather conservative care with normal physical exam findings . . . more appropriately supports light exertional work." (*Id.*). The ALJ did not elaborate further on this broad statement, and, more importantly, did not cite to any specific evidence or explain what conservative care or examination findings undermine Dr. Lorber's opinion. Indeed, as the ALJ's own recitation of the medical evidence reveals, not every physical examination was normal. (*See* R. 426 (discussing examination findings that included reduced range of motion in cervical spine and right ankle and significant crepitus in both knees)). Thus, given the conclusory nature of the ALJ's reasoning, the Court is left to divine what specific evidence supports the ALJ's decision to assign little weight to Dr. Lorber's opinion concerning the Claimant's ability to lift. This the Court may not do. *See Winschel*, 631 F.3d at 1179 (the ALJ must articulate the reasons supporting the weight assigned to each opinion). Thus, the undersigned finds that the conclusory reasons put forth by the ALJ do not, in and of themselves, support his determination to assign little

weight to Dr. Lorber's opinion concerning the Claimant's ability to lift objects. As such, the undersigned finds that the ALJ's decision with respect to this portion of Dr. Lorber's opinion is not supported by substantial evidence, and respectfully recommends that the Court find the same.

### B. The Hypothetical to the VE

The Claimant argues that since the ALJ erred in weighing Drs. Fatemi's, Lester's, and Lorber's opinions the hypothetical question the ALJ posed to the VE was not supported by substantial evidence and, consequently the ALJ erred by relying on the VE's testimony in finding that the Claimant could perform other work in the national economy. (Doc. 23 at 31-32). The Commissioner argues that the hypothetical question was consistent with the ALJ's RFC determination and, thus, the ALJ properly relied on the VE's testimony in finding that the Claimant could perform other work in the national economy. (*Id.* at 32).

The ALJ may consider the testimony of a vocational expert in determining whether the claimant can perform other jobs in the national economy. *Phillips*, 357 F.3d at 1240. To do so, the ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the vocational expert's testimony, but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

The Claimant's argument challenging the ALJ's reliance on the VE's testimony hinges on

the outcome of her arguments concerning the weight the ALJ assigned to Drs. Fatemi's, Lester's, and Lorber's opinions.   (*See* Doc. 23 at 31).   As discussed previously, the undersigned finds that the ALJ committed various errors in weighing Drs. Fatemi's, Lester's, and Lorber's opinions.   *See supra* pp. 6-13.   Because the ALJ relied on his faulty weighing of these physicians' opinions in determining the Claimant's RFC, the undersigned also finds that the RFC determination is not supported by substantial evidence.   Since the ALJ's hypothetical question to the VE was consistent with the ALJ's RFC determination (*compare* R. 424 *with* R. 448), it follows that the ALJ's hypothetical question was not supported by substantial evidence and, consequently, the ALJ erred by relying on the VE's testimony in finding that the Claimant could perform other work in the national economy.   Therefore, the undersigned recommends that the Court find that the ALJ erred by relying on the VE's testimony in finding that the Claimant could perform other work in the national economy.

### C.  Remedy.

Claimant argues that the case should be reversed and remanded for an award of benefits because: 1) the Court previously remanded this case due to similar errors; and 2) the record supports a finding of disability under the Medical Vocational Guidelines (Grids), 20 C.F.R. part 404, subpart P, appendix 2, rules 201.12 and 201.14.   (Doc. 23 at 33).   Alternatively, the Claimant requests that the case be reversed and remanded for further proceedings.   (*Id*.).

The Commissioner maintains that the ALJ's decision was supported by substantial evidence and does not address the Claimant's request to reverse and remand the case for an award of benefits.   (*Id*. at 34).

The Court may remand a social security disability case for an award of benefits for one of two reasons: (1) where the claimant has suffered an injustice, *see Walden v. Schweiker*, 672 F.2d

835, 840 (11th Cir. 1982); or (2) where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). The Claimant appears to argue for remand for an award of benefits under both bases. (Doc. 23 at 33). The Claimant's arguments are not persuasive.

First, while the undersigned recommends that the case be reversed for similar reasons that resulted in the first reversal (*see* R. 495-96), the Claimant has cited no authority concluding that such circumstances warrant a reversal for an award of benefits. While the similarities in the errors are troubling, the undersigned finds that the facts of this case and the lack of authority supporting the Claimant's argument weigh against finding that the Claimant has suffered an injustice. *See Correa v. Comm'r of Soc. Sec.*, Case No. 6:16-cv-90-Orl-31DCI, 2016 WL 7838904, at *7 (M.D. Fla. Dec. 28, 2016) (recommending that the case be reversed and remanded for further proceedings even though the ALJ was found to have made the same error in two different opinions) *report and recommendation adopted*, 2017 WL 176983 (M.D. Fla. Jan. 17, 2017).

Second, the Claimant has not established beyond a doubt that she is disabled. While the record contains opinion evidence that include limitations consistent with a range of sedentary work, the evidence does not establish beyond a doubt that the Claimant is limited to sedentary work. Much of the evidence the Claimant relies on in support of her argument is opinion evidence. (Doc. 23 at 33). The ALJ is responsible for determining the Claimant's RFC and, in doing so, must consider and weigh the opinion evidence. *Phillips*, 357 F.3d at 1238; *see* 20 C.F.R. § 404.1545(a)(3). As discussed previously, the ALJ failed to weigh some of the opinions and did not provide sufficient reasons to support the weight he assigned to other opinions. Considering the evidence of record and the possibility that the ALJ may, after weighing all the medical opinions,

still find that the Claimant can perform light work, the undersigned cannot say that the evidence establishes disability beyond a doubt.

In light of the foregoing, the undersigned recommends that the Court deny the Claimant's request to reverse and remand for an award of benefits and instead reverse and remand the case for further proceedings.

## V.      Conclusion

Accordingly, the undersigned respectfully **RECOMMENDS** that the Court:

1. **REVERSE** and **REMAND** the Commissioner's final decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk be **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner.

3. The case be closed.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 1, 2019.

Leslie R. Hoffman

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy